UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 20-80922-CIV-CANNON/Reinhart

**ROBERT EBY**,

    Plaintiff,
v.

**ERIC LEVINE**,

    Defendant.
_____/

**ERIC LEVINE**,

    Counter-Claimant,
v.

**ROBERT EBY**,
**JAY SILVER**,
**C.S.L.L. REST. CORP.**, and
**LUNCHEONETTE MANAGEMENT CORP.**,

    Counter-Defendants,
_____/

### ORDER ACCEPTING WITH CLARIFICATIONS MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court upon Magistrate Judge Bruce Reinhart's Report and Recommendation ("Report") [ECF No. 106], entered on October 18, 2021. The Report recommends that Defendant/Counter-Claimant Eric Levine's Motion for Partial Summary Judgment [ECF No. 76] be denied, and that Plaintiff/Counter-Defendants' Motion for Partial Summary Judgment be granted in part and denied in part [ECF No. 79]. Specifically, the Report recommends that the declaratory judgment requested in Count II of Complaint [ECF No. 1] be entered, and that Counts III and V of the Amended Counterclaims [ECF No. 29] be dismissed with prejudice. On November 1, 2021, Plaintiff and Counter-Defendants filed objections to the Report [ECF No. 108], as did Defendant/Counter-Claimant Levine [ECF No. 109]. Both sides filed a

CASE NO. 20-80922-CIV-CANNON/Reinhart

response in opposition to the other side's objections [ECF Nos. 111–12]. The Court has carefully reviewed the Report, the parties' objections and responses, the entire record, and the applicable law. In light of that review, the Court **ACCEPTS** the Report but offers the following supplementary analysis in response to Defendants' objections.

## LEGAL STANDARD

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews *de novo* those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784. Legal conclusions are reviewed *de novo*, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

A party may obtain summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)). A fact is material if it "would affect the outcome of the suit under the governing law." *Id.* (quoting *Anderson*, 477 U.S. at 247–48). The Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in its favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). However, material facts set forth in the movant's statement

2

CASE NO. 20-80922-CIV-CANNON/Reinhart

of facts and supported by record evidence are deemed admitted if not controverted by the opposing party. S.D. Fla. L. R. 56.1(b).

## DISCUSSION

### I. Defendant/Counter-Claimant Levine's Objection to the Report

Defendant/Counter-Claimant Levine's sole objection to the Report is that the declaratory judgment requested in Count II of Complaint [ECF No. 1] should not be entered. Specifically, Levine takes issue with the Report's invocation of the "law of the case" doctrine in deciding that the Stock Purchase Agreement did not require Counter-Defendants to draw on Levine's line of credit each month [*see* ECF No. 109 pp. 1–4; ECF No. 106 pp. 20–22]. Specifically, Levine argues that the law of the case doctrine is inapplicable, because the Report relies on an interpretation of the Stock Purchase Agreement embraced by an earlier district court order in this case [ECF No. 36] rather than pursuant to a prior appellate ruling [ECF No. 109 p. 2]. Although there is doubt about the Report's reliance on the law of the case doctrine as a basis to grant summary judgment on Count II of the Complaint,[1] summary judgment remains warranted on that count based on the plain text of the Stock Purchase Agreement. As Judge Dimitrouleas properly concluded in his Order granting in part and denying in part Counter-Defendants' motion to dismiss Levine's amended counterclaims, "[t]he unambiguous language of Section 8 [of the Stock Purchase Agreement] does not obligate or require Eby or Silver to draw on Levine's line of credit each month. Instead . . . Levine is required to advance the line of credit should Eby or Silver choose to make such request" [ECF No. 36 p. 5 (referencing ECF No. 1-1 ¶ 8)]. That determination remains correct as a matter of contract interpretation and does not warrant reconsideration. Nor does Levine's generalized claim about a subsequent oral modification of that unambiguous

---

[1] *see Fabre v. Bank of Am. Bank, NA*, 523 F. App'x 661, 664 (11th Cir. 2013) ("The law of the case doctrine generally precludes a court from reexamining issues decided upon an earlier appeal of the same case." (citing *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1291 (11th Cir. 2005)).

3

CASE NO. 20-80922-CIV-CANNON/Reinhart

contractual language [ECF No. 109 p. 3] raise a genuine issue of material fact precluding summary judgment on Count II of the Complaint.

## II. Plaintiff/Counter-Defendants' Objections to the Report

Plaintiff and Counter-Defendants object to: (1) the Report's conclusion that the Consulting Agreement has a definite duration and thus is not terminable at will [ECF No. 108 pp. 3–6]; (2) the Report's conclusion that a genuine issue of material fact exists as to whether Levine breached his confidentiality obligations [ECF No. 108 pp. 7–13]; and (3) the Report's lack of discussion of the terminable for-cause issue concerning Levine's personal use of the office computer [ECF No. 108 pp. 13–15].

The Court agrees with the Report's conclusion that the Consulting Agreement has a definite duration. The Consulting Agreement specifies that it "will remain in place and can only be terminated in the event of any of the following occurrences: [(1)] the restaurant . . . ceases to do business at its current location (or at any other location in the New York Tri-State area to which the Corporations may relocate said Business) as an EJ's Luncheonette[,] [or] [(2)] the date on which the Business is sold to a bona fide unrelated third (3rd) party . . . ." [ECF No. 1-1 p. 26]. Those two contemplated events establish a sufficiently definite period of duration that "can be inferred from the nature of [the] contract and the circumstances surrounding its execution," and, accordingly, the Court "give[s] effect to the manifest intent of the parties" by recognizing that the Consulting Agreement is not terminable at will. *City of Homestead v. Beard*, 600 So. 2d 450, 453 (Fla. 1992).

The Court also agrees with the Report's conclusion that a genuine issue of material fact exists as to whether Levine breached his contractual obligations. Levine's deposition testimony that he was given permission by Eby to access the business records and computer establishes a genuine issue of material fact as to whether he breached his confidentiality obligations [ECF No. 80-1 pp. 166:6–168:8, 182:20–183:14]. Thus, as the Report recommends, a jury must

CASE NO. 20-80922-CIV-CANNON/Reinhart

determine what Levine was doing in the apartment in January 2020 and whether his conduct violated the parties' agreements [ECF No. 106 p. 19]. For the same reasons, Counter-Defendants are not entitled to summary judgment on the related issue of Levine's personal use of the office computer.

## CONCLUSION

Following a *de novo* review of the Report's legal conclusions and of the portions of the Report to which an objection has been made, the Court hereby **ACCEPTS** the Report with the clarifications contained in this Order and rules as follows:

1. Defendant/Counter-Claimant Levine's Motion for Partial Summary Judgment [ECF No. 76] is **DENIED**.

2. Plaintiff/Counter-Defendants' Motion for Partial Summary Judgment [ECF No. 79] is **GRANTED IN PART AND DENIED IN PART**.

    a) Following resolution of all remaining claims in this action, a declaratory judgment shall be entered in favor of Plaintiff/Counter-Defendant Eby on **Count II** of the **Complaint** [ECF No. 1 pp. 8–12].

    b) **Counts III and V** of the **Amended Counterclaims** [ECF No. 29 pp. 14–16] are hereby **DISMISSED WITH PREJUDICE**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 5th day of January 2022.

_____
AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc:   counsel of record